UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LYNN RHODES,

    Plaintiff,

v.                                                                     CASE NO. 6:07-cv-731-Orl-22KRS

GARY DALTON, ORANGE COUNTY
DEPUTY SHERIFF,

    Defendant.

## ORDER

This case is before the Court on Defendant Gary Dalton's ("Defendant") Motion to Dismiss Amended Complaint (Doc. No. 27). Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (Doc. No. 37). For the following reasons, the motion to dismiss is **DENIED**.

## *I.    Factual Background*[1]

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendant. Plaintiff alleges that Defendant falsely arrested him on July 30, 2006. (Doc. No. 20 at 8.) Plaintiff asserts that he was sleeping in the Raceway Motel when Defendant entered his motel room and woke him up at approximately 6:00 a.m. *Id*. Plaintiff states that the officers who entered his motel room made him sit in a chair while they searched his room without permission. *Id* at 9. Plaintiff maintains that the officers

---

[1]The following statement of the facts is derived from Plaintiff's amended complaint (Doc. No. 27), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

asked him about a truck that was parked in the parking lot of the motel to which he responded that he did not know "what they were talking about. . . ." *Id*. Plaintiff asserts that he was arrested for grand theft of a motor vehicle, and he spent approximately seventeen days in the Orange County Jail before the charge was dropped and he was released. *Id.*

## II. Standard for Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, 2008 WL 552590, Case No. 6:07-cv-1514-Orl-22KRS (M.D. Fla. Feb. 27, 2008) (discussing *Twombly*

in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 127 S. Ct. at 1969, 1974). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965.

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. Analysis

Defendant asserts that the instant case should be dismissed because he is entitled to qualified immunity. The Supreme Court of the United States has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Lumley v. City of Dade City*, 327 F.3d 1186, 1193-94 (11th Cir. 2003) ("[q]ualified immunity protects government officials sued in their

3

individual capacities as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'").  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Carr v. Tatangelo,* 338 F.3d 1259, 1266 (11th Cir. 2003) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

The test for whether a governmental defendant is entitled to qualified immunity from liability in his individual capacity involves a two-step analysis. *Hope v. Pelzer,* 536 U.S. 730 (2002). A government official first must demonstrate that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Rich v. Dollar,* 841 F.2d 1558, 1563-64 (11th Cir. 1988) (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir. 1983)). If the defendant satisfies this burden, the first prong of the test requires the plaintiff to show either that the official's actions "violated clearly established constitutional law" or a federal statute. *Id.; Saucier v. Katz,* 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* at 201. If the first-step inquiry leads the Court to conclude that Defendant did not violate Plaintiff's constitutional rights, "there is no necessity for further inquiries concerning qualified immunity." *Wood v. Kesler,* 323 F.3d 872, 878 (11th Cir. 2003) (quoting *Saucier,* 533 U.S. at 201). However, "if a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002).

"An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). "'For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances.'" *Id*. (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)). "'This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Id.* (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998)). "'Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction.'" *Id*. (quoting *Lee*, 284 F.3d at 1195).

The doctrine of qualified immunity applies if an officer had "'only arguable probable cause.'" *Id*. (quoting *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997)). Therefore, the relevant inquiry "'is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed.'" *Id.* (quoting *Montoute*, 114 F.3d at 184). "'Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.'" *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal quotation marks omitted)).

In the instant case, Defendant asserts that he is entitled to qualified immunity so long as he had arguable probable cause to arrest Plaintiff. Defendant contends that

5

Plaintiff has failed to allege sufficient facts to establish that he was deprived of his right to be free from unlawful arrest in violation of the Fourth Amendment or that Defendant violated clearly established law by arresting Plaintiff without arguable probable cause.

As discussed *supra*, Plaintiff alleges that he was asleep in his motel room when Defendant entered and searched his room, asked him questions, and subsequently arrested him for grand theft of a vehicle. Plaintiff maintains that he told the officers that he did not know anything about the vehicle. Finally, Plaintiff contends that he was detained for approximately seventeen days after which he was released and the charge was dropped. There is nothing in the pleadings from which the Court can determine what information Defendant possessed at the time he arrested Plaintiff or the circumstances within Defendant's knowledge demonstrating that Plaintiff had committed or was committing an offense. Thus, at this stage of the proceedings, the Court cannot conclude Defendant had arguable probable cause and is entitled to qualified immunity. *See*, *e.g.*, *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) (concluding that the defendant was entitled to summary judgment on the basis that arguable probable cause existed which entitled him to qualified immunity). Defendant may, however, raise the qualified immunity defense in a motion for summary judgment if he so chooses.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint (Doc. No. 27) is **DENIED**.

2. The parties are directed to conduct discovery so that the due date of any discovery requested shall be not later than July 10, 2009. Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

3. All dispositive motions, including any motions for summary judgment shall be filed by **August 10, 2009**.

4. **On or before August 31, 2009**, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."** The Pretrial Narrative Statement shall contain:

- (a) A brief general statement of the case;

- (b) A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

- (c) A list of all exhibits to be offered into evidence at the trial of the case;

- (d) A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

- (e) A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

- (f) A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

- (g) A stipulation of facts/issues to be tried; and

- (h) An estimated length of trial.

Plaintiff shall serve a copy of this in accordance with paragraph 7.

5. **On or before September 14, 2009**, Defendant shall file and serve upon Plaintiff a **"Pretrial Narrative Statement**," entitled as such. The Pretrial Narrative Statement shall comply with paragraph 4 (a) through (h).

6. Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the

7

Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

7. If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph 4 of this order, paragraph 5 of this order shall be inoperative and Defendant shall notify the Court of Plaintiff's failure to comply.

8. Plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

9 On the consent of all parties, a United States Magistrate Judge may either (a) conduct all proceedings, including the entry of a final order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all proceedings and enter a final order as to specified motions only. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule 6.05. Appeal is directly to the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment of the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. The parties are free to withhold consent without adverse

substantive consequences, in which case a United States District Judge will enter final adjudication.

If all parties wish to consent to proceed before a United States Magistrate Judge for all proceedings including a final order and a trial, if warranted, each party shall sign and date Form AO85 and return the form to the Clerk of Court. If all parties wish to consent to proceed before a United States Magistrate Judge for all proceedings and entry of a final order as to only specified motions, each party shall sign and date Form AO85 and return the form to the Clerk of Court. Consent forms should not be submitted unless they are signed by all parties. *The Clerk of the Court is directed to send to all counsel of record and all unrepresented parties a letter to counsel regarding proceedings before a United States Magistrate Judge, Form AO85, and Form AO85A.*

**DONE AND ORDERED** in Orlando, Florida, this 23rd day of March 2009.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 3/23
David Lynn Rhodes
Counsel of Record