UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LYNN RHODES,

    Plaintiff,

v.                                                        CASE NO. 6:07-cv-731-Orl-35KRS

GARY DALTON,

    Defendant.

## **ORDER**

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 35, filed June 5, 2009). Defendant seeks the dismissal of the instant action based on Plaintiff's failure to notify the Court or counsel of his current address.

On July 26, 2007, the Court dismissed the instant case without prejudice based on Plaintiff's failure to notify the Court of his address. (Doc. No. 17.) On November 14, 2007, the Court granted Plaintiff's motion to reopen the case and directed Plaintiff to file a second amended complaint and to advise the Court immediately of any subsequent change of address. (Doc. No. 19 at 3.) Plaintiff was warned that failure to do so may result in the dismissal of this case without further notice. *Id.* Plaintiff received the November 14, 2007, Order as evidenced by his filing of a second amended complaint in compliance with the Order.

On June 12, 2009, the Court directed Plaintiff to respond to Defendant's Motion to Dismiss. *See* Doc. No. 36. On June 22, 2009, the Order was returned as undeliverable. Thus, Plaintiff has failed to comply with the November 14, 2007, Order.

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute

or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Moon v. Newsome,* 863 F.2d 835 (11th Cir. 1989); *Goforth v. Owens,* 766 F.2d 1533 (11th Cir. 1985) (holding that dismissal based on refusal to comply with court's directions was not abuse of discretion); *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 117 (M.D. Fla. 1997) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"). In this case, Plaintiff was ordered to notify the Court of any change of address and was advised that the failure to do so may result in the dismissal of the action. Despite the Court's directives, Plaintiff failed to notify either the Court or Defendant's counsel of his change of address. Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss (Doc. No. 35, filed June 5, 2009) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida this 7th day of July 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/24
Counsel of Record
David Lynn Rhodes